UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────

PATTI JEAN BUCHANAN,

                Plaintiff,

v.                                   **DECISION AND ORDER**
                                               15-CV-88S

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
───────────────────────────────

1.      Plaintiff Patti Jean Buchanan challenges an Administrative Law Judge's ("ALJ") decision dated May 30, 2013, wherein the ALJ determined that Plaintiff was not disabled under the Social Security Act (the "Act"). Plaintiff now contends that this determination is not based upon substantial evidence, and remand is warranted.

2.      Plaintiff filed an application for disability insurance benefits under Title II and an application for supplemental security income under Title XVI of the Act on October 27, 2011, alleging a disability beginning on December 9, 2010. The claim was initially denied on February 9, 2012. Plaintiff thereafter requested a hearing before an ALJ, and, on May 22, 2013, Plaintiff appeared and testified in Jamestown, NY. The ALJ subsequently found on May 30, 2013, that Plaintiff was not disabled within the meaning of the Social Security Act. Plaintiff filed an administrative appeal and the Appeals Council denied Plaintiff's request for review on December 9, 2014, rendering the ALJ's determination the final decision of the Commissioner. Plaintiff filed the instant action on January 30, 2015.

3.     Plaintiff and the Commissioner each filed a Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Docket Nos. 8, 16). Judgment on the pleadings is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 642 (2d Cir. 1988).

4.     A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971) (internal quotation marks and citation omitted). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982), *cert. denied*, 459 U.S. 1212 (1983).

5.     To determine whether the ALJ's findings are supported by substantial evidence, "a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's

finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."  Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review."  Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6.  The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

7.  This five-step process is detailed below:

First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.  If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities.  If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations.  If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity.  Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work.  Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

8. Although the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step of this inquiry is, in turn, divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education, and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(g); Heckler v. Campbell, 461 U.S. 458, 460-61, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

9. In this case, the ALJ determined that Plaintiff last met the insured status requirements of the Act on December 31, 2015. (R. 13.)[1] He then made the following findings with regard to the five-step process set forth above: (1) Plaintiff had not engaged in substantial gainful activity since December 9, 2010, the alleged date on which Plaintiff became disabled (id.); (2) Plaintiff's severe impairments include cervical and lumbosacral disc disease, status post cervical disc surgery, and fibromyalgia[2] with myofascial pain syndrome (R. 14); (3) Plaintiff did not have an impairment or combination of impairments that met or medically equaled a recognized disabling impairment under the regulations (id.); (4) Plaintiff had the residual functional capacity ("RFC") to perform a full range of sedentary work, and that this RFC precluded Plaintiff from performing any past relevant work (R. 15-18); and (5) considering the Plaintiff's

---

[1] Citations to the underlying administrative record are designated as "R."
[2] "Fibromyalgia is a chronic condition causing widespread soft-tissue pain, involving particularly the neck, shoulders, back, and hips. This disorder is also accompanied by weakness, fatigue, depression, and sleep disturbance and is often diagnosed when there is point tenderness found in 11 of 18 specific sites." Solsbee v. Astrue, 737 F. Supp. 2d 102, 109 n. 4 (W.D.N.Y. 2010) (citing Stedman's Medical Dictionary, 725 (28th ed. 2006)).

age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform (R. 19).

10.     Plaintiff is a high-school graduate who previously worked as a hair stylist and a residential instructor at a rehab center. (R. 110-11.) She stopped working when she began experiencing fatigue, intermittent myalgia, dizziness, nausea, vomiting, leg weakness, and falls. (R. 271.) She advances three challenges to the ALJ's decision. First, Plaintiff contends that the ALJ failed to properly evaluate the medical opinions of Dr. Christina Roosa, Plaintiff's treating physician, and Dr. Gautam Arora, a consulting examiner, in determining her RFC. An individual's RFC is her "maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis." Melville v. Apfel, 198 F.3d 45, 52 (2d Cir. 1999) (quoting SSR 96-8p, 1996 WL 374184, at *2 (July 2, 1996) (hereinafter "SSR 96-8p")). Here, after considering the entire record, the ALJ determined that Plaintiff had the RFC to perform a full range of sedentary work. Plaintiff asserts that neither Dr. Roosa nor Dr. Arora's opinion supports the RFC, because Dr. Roosa's opinion dictated an RFC of "less than sedentary work" (R. 16), and Dr. Arora found Plaintiff to have "moderate limitation of physical activity" (R. 298). The ALJ did not specify the weight given to these opinions in his determination.

"The SSA recognizes a 'treating physician' rule of deference to the views of the physician who has engaged in the primary treatment of the claimant," Green-Younger v. Barnhart, 335 F.3d 99, 106 (2d Cir. 2003), according to which, "the opinion of a claimant's treating physician as to the nature and severity of the impairment is given 'controlling weight' so long as it 'is well-supported by medically acceptable clinical and

laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record.'" Burgess v. Astrue, 537 F.3d 117, 129 (2d Cir. 2008) (quoting 20 C.F.R. § 404.1527(d)(2)). "[M]edically acceptable clinical and laboratory diagnostic techniques" include consideration of "[a] patient's report of complaints, or history, [a]s an essential diagnostic tool." Green-Younger, 335 F.3d at 107 (internal quotation marks omitted). Thus, the "the opinion of the treating physician [is] deemed binding unless contradicted by substantial evidence, and even if contradicted [is] entitled to 'extra weight.'" Schaal v. Apfel, 134 F.3d 496, 504 (2d Cir. 1998)

When a treating physician's opinion is not given "controlling" weight, the regulations require the ALJ to consider several factors in determining how much weight it should receive. See 20 C.F.R. § 404.1527(d)(2). "The ALJ must consider, *inter alia*, the '[l]ength of the treatment relationship and the frequency of examination'; the '[n]ature and extent of the treatment relationship'; the 'relevant evidence . . . , particularly medical signs and laboratory findings,' supporting the opinion; the consistency of the opinion with the record as a whole; and whether the physician is a specialist in the area covering the particular medical issues." Burgess, 537 F.3d at 129-30 (quoting 20 C.F.R. §§ 404.1527(d)(2)(i)-(ii), (3)-(5)). After considering these factors, the ALJ must "comprehensively set forth [his] reasons for the weight assigned to a treating physician's opinion." Halloran v. Barnhart, 362 F.3d 28, 33 (2d Cir. 2004); see also 20 C.F.R. § 404.1527(d)(2) (stating that the agency "will always give good reasons in our notice of determination or decision for the weight we give [the claimant's] treating source's opinion"). Failure to provide such "'good reasons' for not crediting the opinion of a claimant's treating physician is a ground for remand." Snell v. Apfel, 177 F.3d 128, 133

(2d Cir. 1999); see also Schaal, 134 F.3d at 505 ("the Commissioner's failure to provide 'good reasons' for apparently affording no weight to the opinion of plaintiff's treating physician constituted legal error").

Dr. Roosa diagnosed Plaintiff with fibromyalgia and lumbar disc disease, and opined that Plaintiff was limited to low stress jobs because fibromyalgia symptoms were aggravated by physical stress, that she could walk less than one block without rest or severe pain, and could sit or stand for fifteen minutes at one time. (R. 271-73.) Further, Plaintiff could sit for six hours and stand or walk for two hours total in an eight-hour day, and would require eight minutes of walking every forty-five minutes, as well as the ability to shift positions at will and take unscheduled breaks. (R. 273.) She would also need to elevate her legs with prolonged sitting to ninety degrees, and would need to do so half of the time in a sedentary job. (Id.) Finally, Plaintiff was likely to experience good days and bad days, and would therefore be absent more than four days per month due to her impairments. (R. 274.)

The ALJ acknowledged that Dr. Roosa, as Plaintiff's treating physician, "assessed the claimant as having exertional and nonexertional limitations as to standing, walking, prolonged sitting, and other activities consistent with an RFC for less than sedentary work." (R. 16.) Although this is clearly inconsistent with the RFC of a full range of sedentary work, the ALJ makes no attempt to address that inconsistency. Such a failure is legal error, requiring remand. "The ALJ was required to explain to Plaintiff in his decision why he declined to afford controlling weight to Plaintiff's treating physician's" assessment, and to give good reasons as to why he rejected Dr. Roosa's opinion that Plaintiff was capable of "less than sedentary" work. See Tomasello v.

Astrue, No. 09-CV-0585, 2011 WL 2516505, at *5 (W.D.N.Y. June 23, 2011). "This is not to say that the ALJ was not ultimately entitled to disagree with the opinion[ ] of [Plaintiff's treating physician], but rather that the ALJ failed to provide Plaintiff with clear, enumerated and sufficient reasons for doing so." Id., at *6.

Nor did the ALJ appropriately address the consistency of Dr. Arora's opinion with his RFC and the record as a whole. Although Dr. Arora is not Plaintiff's treating physician, the ALJ was nevertheless required to consider his opinion in making an RFC determination. Yeomas v. Colvin, No. 13-CV-6276P, 2015 WL 1021796, at *15 (W.D.N.Y. Mar. 10, 2015) (the ALJ should consider "all medical opinions received regarding the claimant") (quoting Spielberg v. Barnhart, 367 F. Supp. 2d 276, 281 (E.D.N.Y. 2005)). Dr. Arora conducted a consultative examination on Plaintiff and diagnosed her with fibromyalgia, as well as cervicalgia, lumbar strain, restless leg, and Barrett's esophagus. (R. 298.) Dr. Arora noted that the prognosis for Plaintiff was guarded and opined that Plaintiff had a "[m]oderate limitation of physical activity secondary to multiple chronic conditions." (Id.) This opinion, together with Dr. Arora's other observations of Plaintiff, might be consistent with an RFC for sedentary work. (See R. 297 (noting that Plaintiff's gait was normal, she had no trouble walking on heels and toes, and needed no help getting on and off examination table and rising from a chair).) However, because the ALJ failed to provide any reasoning behind the RFC, or explanation as to how sedentary work is consistent with Plaintiff's moderate physical limitations, this Court is unable to conduct a meaningful review as to whether the RFC is supported by substantial evidence.

Accordingly, the matter must be remanded. Zabala v. Astrue, 595 F.3d 402, 409 (2d Cir. 2010) (failure to satisfy treating physician rule constitutes legal error, and "ordinarily requires remand to the ALJ for consideration of the improperly excluded evidence"); Jeffords v. Astrue, No. 11-CV-620S, 2012 WL 3860800, at *7 (W.D.N.Y. Sept. 5, 2012) (remanding due to ALJ's failure to explain reasoning behind RFC because, under such circumstances, "this Court finds that it cannot evaluate whether the ALJ's decision was supported by substantial evidence").

11. Second, Plaintiff contends that the ALJ failed to fully and properly assess her credibility, as required under the Social Security regulations and rulings. "The general rule in this regard is that the ALJ is required to evaluate the credibility of testimony or statements about the claimant's impairments when there is conflicting evidence about the extent of pain, limitations of function, or other symptoms alleged." Brown v. Colvin, 47 F. Supp. 3d 180, 186 (W.D.N.Y. 2014); see also Snell, 177 F.3d at 135 ("Where there is conflicting evidence about a claimant's pain, the ALJ must make credibility findings.")). The Commissioner has established a two-step process to evaluate a claimant's testimony regarding his or her symptoms:

> First, the ALJ must consider whether the claimant has a medically determinable impairment which could reasonably be expected to produce the pain or symptoms alleged by the claimant. Second, if the ALJ determines that the claimant is impaired, he then must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms. If the claimant's statements about his symptoms are not substantiated by objective medical evidence, the ALJ must make a finding as to the claimant's credibility.

Matejka v. Barnhart, 386 F. Supp. 2d 198, 205 (W.D.N.Y. 2005); see 20 C.F.R. § 416.929.

"The Regulations outline the following factors to be considered by the ALJ in conducting the credibility inquiry:  (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medications taken to alleviate the pain; (5) any treatment, other than medication, that the claimant has received; (6) any other measures that the claimant employs to relieve the pain; and (7) other factors concerning the claimant's functional limitations and restrictions as a result of the pain." Brown, 47 F. Supp. 3d at 186 (citing 20 C.F.R. § 416.929(c)(3)(i)-(vii)); Meadors v. Astrue, 370 Fed. App'x 179, 184 n. 1 (2d Cir. 2010)).  Although the ALJ need not explicitly discuss all seven factors listed in 20 C.F.R. § 416.929(c)(3), see Cichocki v. Astrue, 534 F. App'x 71, 76 (2d Cir. 2013), he still must explain his decision to reject Plaintiff's statements "'with sufficient specificity to enable the [reviewing] Court to decide whether there are legitimate reasons for the ALJ's disbelief' and whether his decision is supported by substantial evidence."  Calzada v. Astrue, 753 F. Supp. 2d 250, 280 (S.D.N.Y. 2010), quoting Fox v. Astrue, 6:05-CV-1599 (NAM)(DRH), 2008 WL 828078 at *12 (N.D.N.Y. Mar. 26, 2008).

In evaluating a claimant's credibility, the ALJ must give "[c]areful consideration . . . to any available information about symptoms because subjective descriptions may indicate more severe limitations or restrictions than can be shown by objective medical evidence alone."  SSR 96-8p, at *5.  "This is particularly true in cases where a claimant suffers from fibromyalgia, because this chronic condition has been recognized as a disorder that is not easily detected with standard clinical tests."  Solsbee, 737 F. Supp. 2d at 109 (internal footnote omitted) (citing Lisa v. Secretary of Dept. of Health &

Human Servs., 940 F.2d 40, 44-45 (2d Cir. 1991)); see also Davidow v. Astrue, No. 08-CV-6205T, 2009 WL 2876202, at *5 (W.D.N.Y. Sept. 2, 2009) ("[W]here fibromyalgia is the alleged disability, a claimant's testimony, regarding her symptoms from the disorder, should be given increased importance in the ALJ's determination of whether the claimant is disabled.").

The ALJ's discussion of Plaintiff's credibility does not comply with the foregoing criteria. Instead, the ALJ's credibility analysis consists entirely of the following:

> Although the claimant obviously has limitations as to more demanding jobs, the evidence establishes [that she] retains the RFC for a full range of sedentary work. Among other factors, the undersigned notes the claimant's testimony that despite her marked limitations she has been able to do some part time work. Although, as found above, this is not [substantial gainful activity], this activity strongly suggests her ability to perform [substantial gainful activity]."

(R. 16.) The ALJ was not entitled to dismiss Plaintiff's subjective testimony solely on the grounds that Plaintiff was able to work part-time, in a job did not constitute substantial gainful activity, and where her employer gave significant accommodations to allow her to work. See Jaeckel v. Colvin, No. 13-CV-4270 SJF, 2015 WL 5316335, at *11 (E.D.N.Y. Sept. 11, 2015) (remand was appropriate where it was "not clear that the ALJ took into account the factors listed in 20 C.F.R. § 404.1529(c)(3) other than plaintiff's daily activities"). A plaintiff "need not be an invalid to be found disabled" under the Social Security Act. Balsamo v. Chater, 142 F.3d 75, 81 (2d Cir. 1998) (quoting Williams v. Bowen, 859 F.2d at 260).

To the extent that the ALJ relied on "other" factors in discounting Plaintiff's credibility, it is insufficient to simply state that there were "other" reasons. An ALJ who finds that a claimant is not credible must do so "explicitly and with sufficient specificity to

enable the Court to decide whether there are legitimate reasons for the ALJ's disbelief and whether his determination is supported by substantial evidence." Rivera v. Astrue, No. 10–civ–4324, 2012 WL 3614323, at *14 (E.D.N.Y. Aug. 21, 2012) (internal citation omitted). The perfunctory evaluation of plaintiff's credibility here is insufficient, and requires remand. See Kane v. Astrue, 942 F. Supp. 2d 301, 314 (E.D.N.Y. 2013) (remanding due to the "lack of specificity and failure to meet Social Security Administration requirements for evaluating the credibility of Plaintiff's subjective complaints"); King v. Astrue, No. 09-CV-1244 JG, 2009 WL 3300261, at *13 (E.D.N.Y. Oct. 14, 2009) (remanding where "the ALJ did not objectively assess the credibility of [the plaintiff], and his stated justifications for finding [the plaintiff] to be 'not entirely credible' are not supported by substantial evidence and do not constitute sufficient grounds to discount her subjective complaints of pain").

12. Finally, Plaintiff contends that the ALJ erred in failing to develop the record. "Because disability determinations are 'investigatory, or inquisitorial, rather than adversarial . . . it is the ALJ's duty to investigate and develop the facts and develop the arguments both for and against the granting of benefits.'" Jones v. Colvin, No. 6:14-CV-06316 MAT, 2015 WL 4628972, at *3 (W.D.N.Y. Aug. 3, 2015) (quoting Butts v. Barnhart, 388 F.3d 377, 386 (2d Cir. 2004) (internal quotation marks and citations omitted)). That duty intersects with the treating physician rule, as "'an ALJ cannot reject a treating physician's diagnosis without first attempting to fill any clear gaps in the administrative record.'" Burgess, 537 F.3d at 129 (quoting Rosa v. Callahan, 168 F.3d 72, 79 (2d Cir. 1999)). "[W]here an ALJ finds that a doctor's 'records did not give a reason for his opinion that claimant is unable to work . . . the ALJ's duty to seek further

development of the record before rejecting the opinion' is triggered." McCovery v. Astrue, No. 07-CV-800, 2009 WL 4804601, at *9 (W.D.N.Y. Dec. 8, 2009) (quoting Robinson v. Barnhart, 366 F.3d 1078, 1084 (10th Cir. 2004)).

Having found remand necessary due to the ALJ's failure to provide an explanation as to how he arrived at his RFC assessment and his credibility assessment, this Court need not reach Plaintiff's argument as to failure to properly develop the record. However, on remand, the ALJ should explicitly identify the information relied upon in reaching his determination, supplementing the record as necessary.

13. Upon careful examination of the administrative record, this Court finds that it cannot evaluate whether the ALJ's decision was supported by substantial evidence. This Court therefore finds cause to remand this case to the ALJ for further administrative proceedings consistent with this decision. Plaintiff's Motion for Judgment on the Pleadings is granted. Defendant's motion seeking the same relief is denied.

IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 8) is GRANTED;

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 16) is DENIED;

FURTHER, that this case is REMANDED to the Commissioner of Social Security for further proceedings consistent with this decision;

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: May 10, 2016
       Buffalo, New York

               /s/William M. Skretny
               WILLIAM M. SKRETNY
               United States District Judge